UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUDY BUNDORF, an individual; FRIENDS OF SEARCHLIGHT DESERT AND MOUNTAINS; BASIN AND RANGE WATCH; ELLEN ROSS, an individual; and RONALD VAN FLEET, SR., an individual,<br><br>Plaintiffs,<br><br>v.<br><br>S.M.R. JEWELL, Secretary of the Interior; BUREAU OF LAND MANAGEMENT; U.S. FISH & WILDLIFE SERVICE,<br><br>Defendants,<br><br>v.<br><br>SEARCHLIGHT WIND ENERGY, LLC,<br><br>Defendant-Intervenor. | Case No. 2:13-cv-00616-MMD-PAL<br><br>ORDER<br><br>(Pls.' Motion to Amend/Correct – dkt. no. 97; Pls.' Motion for Vacatur – dkt. no. 99; Pls.' Motion for Permanent Injunction – dkt. no. 100; Pls. Motion for Clarification – dkt. no. 101; Defs.' Motion for Reconsideration – dkt. no. 105) |

**I.   SUMMARY**

The parties dispute whether a federal agency's decision to authorize two rights-of-way ("ROWs") for the Searchlight Wind Energy Project ("Project") in southern Nevada violates several federal environmental and administrative laws. Plaintiffs Judy Bundorf, Friends of Searchlight Desert and Mountains, Basin and Range Watch, Ellen Ross, and Ronald Van Fleet, Sr., seek clarification or reconsideration of an Order (dkt. no. 90) that this Court issued on February 3, 2015, in which the Court remanded a Record of

1 Decision and its underlying documents for amplification of the administrative record
2 ("Remand Order"). (Dkt. no. 97.)[1] Plaintiffs additionally ask for clarification or amendment
3 and reconsideration of a Minute Order issued February 18, 2015 (dkt. no. 93), and an
4 entry of final judgment on February 19, 2015 (dkt. no. 96). (Dkt. no. 97 at 9.) Defendants
5 S.M.R. Jewell, Bureau of Land Management ("BLM"), and U.S. Fish and Wildlife Service
6 ("FWS") (collectively, "Federal Defendants") ask the Court to reconsider the Remand
7 Order and the Court's entry of final judgment.[2] (Dkt. no. 105 at 2.) The Court has
8 reviewed the parties' responses and replies (dkt. nos. 107, 108, 109, 113, 114, 115, 116,
9 117, 125).

10 For the reasons discussed below, the Court grants Plaintiffs' Motions for
11 Clarification and for Vacatur (dkt. nos. 97, 99, 101), and denies Plaintiffs' Motion for
12 Permanent Injunction (dkt. no. 100). The Court further denies Federal Defendants'
13 Motion for Reconsideration (dkt. no. 105).

14 **II.   BACKGROUND**

15 A detailed factual background of this lawsuit appears in the Remand Order. (Dkt.
16 no. 90 at 2-5.) Because the parties are familiar with the undisputed facts underlying this
17 case, the Court will not repeat them here.

18 This matter's procedural posture is more complex. Plaintiffs initiated this lawsuit in
19 April 2013, asserting claims under the Administrative Procedure Act ("APA"), the
20 National Environmental Policy Act ("NEPA"), and the Endangered Species Act ("ESA"),
21 among other federal statutes. (Dkt. no. 1 at 25-29.) Plaintiffs filed an amended complaint
22 ///

---

[1] In addition to seeking clarification, Plaintiffs moved for vacatur and a permanent injunction in the same document. Pursuant to this district's Local Rules, Plaintiffs filed the same document four times — once for each motion. (Dkt. nos. 97, 99, 100, 101.) For clarity and ease of reference, the Court will cite dkt. no. 97 in discussing these motions.

[2] Defendant-Intervenor Searchlight Wind Energy, LLC ("Searchlight"), joined Federal Defendants' Motion for Reconsideration (dkt. no. 106), Federal Defendants' responses to Plaintiffs' motions for clarification, vacatur, and permanent injunction (dkt. no. 110), and Federal Defendants' reply in support of their Motion for Reconsideration (dkt. no. 126).

in January 2014, adding a claim under the Migratory Bird Treaty Act ("MBTA"). (Dkt. no. 36 at 31.)

Plaintiffs, Federal Defendants, and Searchlight filed competing motions for summary judgment. (Dkt. nos. 40, 62, 80.) Federal Defendants, joined by Searchlight, also moved to strike extra-record declarations that Plaintiffs offered in support of their motion for summary judgment. (Dkt. nos. 53, 78.) After holding a hearing on these motions on November 24, 2014 (dkt. no. 89), the Court issued the Remand Order on February 3, 2015. (Dkt. no. 90.) The Remand Order granted, in part, and denied, in part, one of Federal Defendants' motions to strike; the Court denied the other motion to strike. (*Id.* at 7-12.) The Court found that Federal Defendants had not fully explained certain conclusions that appear in the underlying Record of Decision ("ROD"), Final Environmental Impact Statement ("FEIS"), and the Biological Opinion ("BiOp"), and remanded the ROD, the FEIS, and the BiOp for further explanation. (*Id.* at 8-11, 18.) Absent additional explanation from Federal Defendants, the Court found that it could not reach the merits of Plaintiffs' claims under NEPA, the ESA, and other federal statutes. (*Id.* at 15, 17.) The Court further declined to address the merits of Plaintiff's remaining claims under the ESA, FLPMA, the BGEPA and the MBTA. (*Id.* at 17.) The Court did conclude, however, that Federal Defendants were required to prepare a Supplemental Environmental Impact Statement ("SEIS") in light of new information on golden eagle populations in the Project area. (*Id.* at 15-17.)

Plaintiffs now seek clarification and reconsideration of the Remand Order, insisting that the Court relied on faulty dicta in making the "unprecedented" decision that a remand for further explanation was appropriate. (Dkt. no. 97 at 7, 10-14.) They suggest that the Court effectively reached the merits of their NEPA and ESA claims by identifying explanatory gaps in the Remand Order. (*See id.* at 17-25.) Those gaps, they argue, necessitate vacatur of the ROD, the FEIS, and the BiOp. (*Id.* at 17, 33.) Federal Defendants, by contrast, argue that the Court erred in relying on extra-record declarations to "fly speck" the FEIS for minor deficiencies. (Dkt. no. 105 at 6 (quoting *Or.*

*Envtl. Council v. Kunzman*, 817 F.2d 484, 492 (9th Cir. 1987)).) They ask the Court to reconsider its decision to remand the ROD, the FEIS, and the BiOp, and to require the preparation of an SEIS. (*See id.* at 2-3.)

## III. LEGAL STANDARD

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) and 60(b). Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Under Rule 60(b), a court may relieve a party from a final judgment, order, or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. Fed. R. Civ. P. 60(b); *see also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

A motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion). Reconsideration is not a mechanism for parties to make new arguments that could reasonably have been raised in their original briefs, *see Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), and it is not "intended to give an unhappy

///

4

1 litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

## IV. ANALYSIS

### A. Plaintiffs' Motions for Clarification and for Vacatur

The Court agrees with Plaintiffs that clarification of the Remand Order is appropriate. First, Plaintiffs point out that the Remand Order suggests that the Court remanded only the administrative record, which was not the focus of Plaintiffs' lawsuit. (Dkt. no. 97 at 10-14.) To the extent that the Remand Order indicates that the Court remanded the administrative record, the Court now clarifies that the remand applies to the ROD, the FEIS, and the BiOp, as explicitly noted in the conclusion of the Remand Order. (*See* dkt. no. 90 at 18.)

Second, and more important, Plaintiffs emphasize that remanding the ROD, the FEIS, and the BiOp without vacatur essentially gives Federal Defendants two bites at the apple — they can offer post-decision explanations to fill the analytical gaps the Court identified in the Remand Order. (*See* dkt. no. 97 at 22-28.) This was not the intent of the Remand Order. Rather, the Order sought to assess whether, as the APA requires, Federal Defendants "examine[d] the relevant data and articulate[d] a satisfactory explanation for [their] action including a 'rational connection between the facts found and the choice made.'" *Humane Soc'y of U.S. v. Locke*, 626 F.3d 1040, 1048 (9th Cir. 2010) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). The Order found that Federal Defendants had not fully explained certain conclusions and that the administrative record did not sustain the decision to grant the ROWs. (Dkt. no. 90 at 8-11, 18.)

Where an agency offers even a curt explanation "indicat[ing] the determinative reason for the final action taken," the agency's decision must "stand or fall on the propriety of that finding." *Camp v. Pitts*, 411 U.S. 138, 143 (1973) (per curiam). "If that finding is not sustainable on the administrative record made, then the [agency's] decision

///

must be vacated and the matter remanded to [the agency] for further consideration." *Id.* (citing *SEC v. Chenery Corp.*, 318 U.S. 80 (1943)).

The Court finds that vacatur of the ROD, the FEIS, and the BiOp is necessary. As enumerated in the Remand Order, the Court has concluded that analytical gaps exist throughout the wildlife analyses underlying the ROD, the FEIS, and the BiOp. (Dkt. no. 90 at 9-11.) As the Court explained in the Remand Order, FWS and BLM should, at a minimum, address gaps in the FEIS's and BiOp's analyses, including (1) the density of desert tortoises, the adverse effects on desert tortoise habitat due to noise, and the remuneration fees and blasting mitigation measures for desert tortoises; (2) the status of FWS's recommendations regarding eagle take permitting and an Eagle Conservation Plan; and (3) BLM's conclusions about risks to bald eagles, protocols for golden eagle surveys, and risks to and mitigation measures for bat species. (*Id* at 15.) Given the Court's conclusion that those gaps frustrated the Court's assessment and warranted further explanation from Federal Defendants, the Court will vacate the ROD, the FEIS, and the BiOp.

In short, the wildlife findings discussed in the Remand Order are not "sustainable on the administrative record made" and "further explanation is necessary" to allow the Court to properly assess the agency's decision. *Camp*, 411 U.S. at 143. The Court therefore vacates the ROD, the FEIS, and the BiOp.[3]

**B.   Federal Defendants' Motion for Reconsideration**

Federal Defendants argue that the ROD, the FEIS, and the BiOp sufficiently explain the decision to grant the ROWs. (Dkt. no. 105 at 4-24.) They also contend that no new information on golden eagles warrants the preparation of an SEIS. (*Id.* at 24-29.) Their Motion for Reconsideration, however, primarily rehashes the same arguments that Federal Defendants raised — or could have raised — in the earlier summary judgment briefing. This is not enough to warrant reconsideration of the Remand Order, *see Kona*

---

[3] Because the Court has granted Plaintiffs' Motion for Vacatur, the Court will deny Plaintiffs' alternative request for a permanent injunction. (Dkt. no. 100.)

*Enters.*, 229 F.3d at 890, and the Court will accordingly deny Federal Defendants' Motion for Reconsideration.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the parties' motions.

It is therefore ordered that Plaintiffs' Motions for Clarification and for Vacatur (dkt. nos. 97, 99, 101) are granted. The Record of Decision, Final Environmental Impact Statement, and the Biological Opinion are vacated.

It is further ordered that Plaintiffs' Motion for Permanent Injunction (dkt. no. 100) is denied.

It is further ordered that Defendants' Motion for Reconsideration (dkt. no. 105) is denied.

Finally, the Clerk is directed to issue an amended judgment to reflect that the Court grants summary judgment in favor of Plaintiffs and vacates the Record of Decision, the Final Environmental Impact Statement, and the Biological Opinion.

DATED THIS 30th day of October 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE