UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JUDY BUNDORF, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>S.M.R. JEWELL, Secretary of the Interior, *et al.*,<br><br>Defendants. | Case No. 2:13-cv-00616-MMD-PAL<br><br>ORDER |

## I. SUMMARY

The Court granted summary judgment in part in favor of Plaintiffs Judy Bundorf, Friends of Searchlight Desert and Mountains, Basin and Range Watch, Ellen Ross, and Ronald Van Fleet, Sr. (collectively, "Plaintiffs") and vacated the agency's Record of Decision. (ECF No. 132.) Before the Court is Plaintiffs' amended motion for attorneys' fees ("Motion").[1] (ECF No. 171.) The Court has reviewed Defendants S.M.R. Jewell, Bureau of Land Management ("BLM"), and U.S. Fish and Wildlife Service's ("FWS") (collectively, "Federal Defendants") response (ECF No. 187) as well as Plaintiffs' reply (ECF No. 190). For the following reasons, the Court grants Plaintiffs' Motion.

///

///

---

[1]Plaintiffs filed an initial motion for attorneys' fees (ECF No. 153) to preserve their rights to seek fees, but the briefing on the motion was stayed pending disposition of two appeals. (ECF No. 156.)

## II. BACKGROUND

This case involved the proposed construction of a wind turbine farm—the Searchlight Wind Energy Project ("Project")—in Searchlight, Nevada, on federal public land managed by BLM. (ECF No. 90 at 2-3.) As part of the Project, BLM issued a Final Environmental Impact Statement ("FEIS") identifying the desert tortoise, sixteen bat species, and birds (including the golden eagle) as wildlife that would be affected by the Project. (*Id.* at 4.) BLM consulted with FWS to ensure that the Project was not likely to jeopardize the continued existence of the desert tortoise, and FWS issued a Biological Opinion ("BiOp") concluding just that. (*Id.*) Based on the FEIS and BiOp, former Secretary of the Interior Ken Salazar approved a Record of Decision ("ROD") authorizing two right-of-ways ("ROWs") for the Project. (*Id.* at 3.)

Plaintiffs initiated this action pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06. (*Id.* at 5.) Plaintiffs alleged that Federal Defendants violated a number of laws in approving the ROD: the National Environmental Policy Act ("NEPA"), the Endangered Species Act ("ESA"), the Federal Land Policy and Management Act ("FLPMA"), the Bald and Golden Eagle Protection Act ("BGEPA"), and the Migratory Bird Treaty Act ("MBTA"). (*Id.*) In their First Amended Complaint, Plaintiffs asked the Court to "[o]rder . . . that the FEIS, BiOp and ROD violate the NEPA, ESA, FLPMA, BGEPA, and/or MBTA;" to "[r]everse, set aside, vacate, and remand the FEIS, BiOp and ROD;" and to "[e]nter temporary, preliminary, or permanent injunctive relief . . . until Defendants have fully complied with law and BLM has prepared a new NEPA analysis or supplemented its current analysis in compliance with NEPA." (ECF No. 36 at 31-32.)

Plaintiffs moved for summary judgment on their claims, and the Court granted the motion in part. (ECF No. 90 at 2.) The Court granted summary judgment in favor of Plaintiffs on their NEPA claim and ordered Federal Defendants to supplement the FEIS. (*Id.* at 18.) The Court did not consider Plaintiffs' claims for violation of the ESA, FLPMA, BGEPA, and MBTA in light of the Court's decision to remand the ROD, FEIS, and BiOp to Federal Defendants in connection with Plaintiffs' NEPA claim. (*Id.* at 17.)

Plaintiffs now move for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §§ 2412(a)-(d). (ECF No. 171.)

### III. STANDARD GOVERNING AWARD OF FEES

The parties seeking attorney's fees must establish that the fees are reasonable. The district court "has a great deal of discretion in determining the reasonableness of the fee." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010).

Reasonable attorney's fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Next, the court decides whether to adjust the lodestar calculation based on an evaluation of the factors articulated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. *See Fischer*, 214 F.3d at 1119 (citation omitted).

The factors the Ninth Circuit set forth in *Kerr* are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70. Factors one through five are subsumed in the lodestar calculation. *See Morales v. City of San Rafael*, 96 F.3d 359, 364 n.9 (9th Cir. 1996). Further, the sixth factor, whether the fee is fixed or contingent, *may not* be considered in the lodestar calculation. *See Davis v. City & Cty. of S.F.*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987). Finally, only in rare and exceptional cases should a court adjust
///

the lodestar figure. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000); *see also Fischer*, 214 F.3d at 1119 n.4.

**IV.   DISCUSSION**

   **A.   Substantial Justification**

Federal Defendants argue that Plaintiffs' fee award should be reduced because the United States' position was substantially justified. (ECF No. 187 at 11.) If the Court finds that the United States' position was substantially justified, then the Court must deny an award of attorney's fees under the EAJA. 28 U.S.C. § 2412(d)(1)(A).

"The test for determining whether the government was substantially justified is whether its position had a reasonable basis both in law and fact." *Or. Nat. Desert Ass'n v. Bureau of Land Mgmt.*, 223 F. Supp. 3d 1147, 1152 (D. Or. 2016) (first citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); and then citing *Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)). "The burden is on the government to prove substantial justification." *Id.* (citing *Flores*, 49 F.3d at 569). "In evaluating the government's position, the court must look at both the underlying government conduct and the positions taken by the government during the litigation." *Id.* (citing *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013)). "If the underlying agency action was not substantially justified, the court need not consider whether the government's litigation position was substantially justified." *Id.* (citing *Meier*, 727 F.3d at 872).

Plaintiffs argue that the underlying agency action in this case was not substantially justified because the Court found that "the underlying conduct of the agencies in evaluating threats to wildlife was woefully deficient, with numerous missing factors, gaps in the FEIS's and BiOp's analyses of the Project's effects on wildlife, unexplained inconsistencies in BLM's and FWS's use of survey data, and the underreporting of golden eagle nests in the Project area by a factor of ten." (ECF No. 190 at 11.) Federal Defendants have not specifically identified how the United States' position was substantially justified, instead referring the Court to their summary judgment briefing. (ECF No. 187 at 13.)

///

The Court agrees with Plaintiffs that the underlying agency action was not substantially justified based on the deficiencies in the FEIS and BiOp the Court identified in its order granting summary judgment in favor of Plaintiffs. (ECF No. 90 at 15-16.) Accordingly, the Court declines to reduce Plaintiffs' fee award based on Federal Defendants' argument that the United States' position was substantially justified.

**B.     Lodestar**

    **1.     Rate**

The court must determine the hourly rate "according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). EAJA imposes a statutory cap on this rate, however, so it cannot exceed $125 per hour, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Ninth Circuit has set the maximum hourly rate, adjusted to reflect increases in the cost of living, at various rates between $184.32 and $196.79 for the years 2012 through 2017. Equal Access to Justice Act - Rates, https://www.ca9. uscourts.gov/content/view.php?pk_id=0000000039 (last visited August 20, 2018). Plaintiffs seek various rates for participating attorneys ranging from $310 per hour to $420 per hour.[2]

Federal Defendants first argue that Plaintiffs have not shown that a specialization in environmental law was necessary to litigate this case. (*See* ECF No. 187 at 14, 16.) Plaintiffs argue that specialization in environmental law is necessary because the lawsuit required "specialized knowledge of NEPA and other environmental statutes" as well as "specialized environmental litigation skills for identifying grounds for the complaint, reviewing the administrative record, and explaining to the Court how the evidence of deficiencies in the federal defendants' analyses intersected with the various statutes."

---

[2] Mr. Becker seeks rates between $350 per hour in 2012 and $420 per hour in 2017. Ms. Madden seeks rates of $310 per hour in 2013, $330 per hour in 2014, and $340 per hour in 2015. Ms. Harrop seeks a rate of $330 per hour in 2013. (ECF No. 171 at 21.)

(ECF No. 190 at 13.) Plaintiffs also argue that Federal Defendants implicitly concede that specialization in environmental law was necessary to litigate this case because Federal Defendants were represented by attorneys from the "Environment and Natural Resources Division" or "Wildlife & Marine Resources Section" of the U.S. Department of Justice as opposed to the Civil Division. (*Id.* at 12.)

The Court agrees with Plaintiffs that specialization in environmental law was necessary to conceive of this case and litigate it to success—the United States Court of Appeals for the Ninth Circuit recognizes environmental litigation as "an identifiable practice specialty that requires distinctive knowledge" such that enhancement of the EAJA base rate is reasonable. *See, e.g.*, *League of Wilderness Defs./Blue Mountains Biodiversity Project v. U.S. Forest Serv.*, No. 3:10-CV-01397-SI, 2014 WL 3546858, at *12 (D. Or. July 15, 2014) (quoting *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991)).

Federal Defendants further argue that Plaintiffs are not entitled to an enhanced hourly rate for routine legal work such as preparing and filing *pro hac vice* applications. (ECF No. 187 at 16-17.) Plaintiffs argue that courts do not examine individual tasks in an atomistic manner and instead consider the litigation as a whole when determining rates. (ECF No. 190 at 13-14.)

The Court agrees with Plaintiffs and "rejects the argument that an enhanced hourly rate only applies to specific tasks requiring specialized skill." *League of Wilderness Defs.*, 2014 WL 3546858, at *13; *see also Citizens for Better Forestry v. U.S. Dep't of Agric.*, No. 08-01927 CW, 2010 WL 3222183, at *10 (N.D. Cal. Aug. 13, 2010).

Accordingly, the Court will accept Plaintiffs' proposed rates.

### 2. Hours Expended

Federal Defendants argue that Plaintiffs' fee award should be reduced by ten percent because Plaintiffs billed an excessive number of hours to this case. (ECF No. 187 at 18, 22.) In support of their argument, Federal Defendants cite the fee award in *Or. Nat. Desert Ass'n*, 223 F. Supp. 3d 1147. In that case—which also involved a challenge to BLM's NEPA compliance under the APA —the fee demand was only $70,455 and the final

award was $63,449.42. *Id.* at 1155. Plaintiffs counter that the fee demand in that case only accounted for a discrete, secondary phase of the case after a separate ruling several years earlier on cross-motions for summary judgment, noting that fees for that portion of the case were settled separately. (ECF No. 190 at 14.) Taken together, the two phases of *Or. Nat. Desert Ass'n* consumed about 935 hours of attorney and law clerk time. (*Id.* at 15 (citing ECF No. 192 at 2).) Plaintiffs request compensation for 1,156.2 hours of attorney time. (ECF No. 171 at 25.)

In light of Plaintiffs' explanation regarding the number of attorney and law clerk hours consumed in the comparator case, *Or. Nat. Desert Ass'n*, the Court finds Federal Defendants' first argument for reducing fees unpersuasive.

Federal Defendants further argue that the fee demand is excessive because the case was overstaffed. (ECF No. 187 at 19.) Federal Defendants contend that the billing records show that the five lawyers working on this case spent an excessive amount of time conferencing and coordinating among themselves (68.9 hours). (*Id.* at 20.) Federal Defendants seek a ten percent across-the-board reduction to address the inefficiencies in staffing. (*Id.* at 21.) Plaintiffs counter that they have never engaged more than two environmental lawyers at the same time. (ECF No. 190 at 15.) In addition, Plaintiffs argue that the case Defendants cite in support of their argument (*Nat'l Council of La Raza v. Cegavske*, No. 3:12-cv-00316-MMD-VPC, 2017 WL 2683683 (D. Nev. June 21, 2017)) is distinguishable because that case involved attorneys from five firms working simultaneously. (*Id.*)

The Court agrees with Plaintiffs that staffing two attorneys at a time to the case is not excessive and further agrees that *Nat'l Council of La Raza*, 2017 WL 2683683, is distinguishable for the reason Plaintiffs identified. In addition, the Court finds that the 68.9 hours Plaintiffs spent conferencing and coordinating among themselves over a period of six years is not excessive. (*See* ECF No. 190 at 15 n.9 ("This case has stretched for six years . . . .").) This figure would roughly correspond to monthly, one-hour conference calls, which would be a reasonable and perhaps conservative amount of conferencing.

Federal Defendants further argue that Plaintiffs' billing records are full of vague descriptions and block billing, which make it impossible to determine whether the number of hours spent on any individual activity was reasonable. (ECF No. 187 at 21-22.) Federal Defendants seek a reduction of 10% to 30% of the fee award for the offending entries (but not an across-the-board reduction of all hours). (*Id.* at 22.) Plaintiffs argue that Federal Defendants have failed to specifically identify problematic entries but also submit time sheets that reduce several entries that Plaintiffs seem to concede are vague. (ECF No. 190 at 16.)

Accordingly, the Court will accept Plaintiffs' billing records as amended to account for reductions where billing entries were vague or block billed.

### C. Success of Lawsuit

A litigant is eligible for an award under the EAJA if it is (1) a prevailing party (2) that incurred costs of litigation against the federal government and (3) meets applicable size or net worth criteria. 28 U.S.C. §§ 2412(d)(1)(A) & (d)(2)(B).

Federal Defendants argue that Plaintiffs' fee award should be reduced by one-third to eliminate the hours they spent working on claims on which Plaintiffs did not prevail. (ECF No. 187 at 7, 22.) Specifically, Federal Defendants argue that Plaintiffs did not prevail on their claims under ESA, FLPMA, BGEPA, and MBTA because the Court did not reach the merits of those claims in its order granting summary judgment. (*Id.* at 9.) The Court only ruled for Plaintiffs on their NEPA claim. (*Id.*)

Plaintiffs argue that this Court's failure to reach certain grounds is not a sufficient reason for reducing a fee based on the Supreme Court's decision in *Hensley*, 461 U.S. at 435. (ECF No. 190 at 5.) Plaintiffs characterize their case as a complete success because the Court vacated all of the challenged decisions and the Project is defunct. (*Id.* at 6.)

The Court agrees with Plaintiffs that the relief obtained in this case was not limited in comparison to the scope of the litigation as a whole—rather, the results achieved were identical to Plaintiffs' desired outcome. (*See* ECF No. 190 at 6 (quoting *Hensley*, 461 U.S. at 435, 440).) Plaintiffs sought an order remanding the FEIS, BiOp, and ROD to the

agencies (ECF No. 36 at 31), and they obtained judgment to that effect (ECF No. 90 at 18). Moreover, it is clear that each of Plaintiffs' claims were brought for the common purpose of preventing the Project from moving forward by remanding the FEIS, BiOp, and ROD to the agencies. Accordingly, the court finds that a reduction based on limited success is not warranted here.

## V.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiffs' motion and amended motion for attorneys' fees (ECF Nos. 153, 171) are granted. Plaintiffs are directed to file, within fifteen (15) days, a proposed order for the award of fees and costs to them in accordance with this Order and LR 7-2(f).

DATED THIS 20th day of August 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE